## Case No. 13,209.

SPARKMAN et al. v. HIGGINS et al.

[2 Blatchf. 29;[1] 1 Fish. Pat. Rep. 135.]

Circuit Court, S. D. New York. Oct. 20, 1846.

INJUNCTION—VIOLATION OF—STRATAGEM BY PLAINTIFF—COSTS.

1. Where a plaintiff, who had obtained an injunction from this court restraining a defendant from the infringement of a patent, set on foot a stratagem to lead the defendant to violate the injunction, and immediately made a motion for an attachment, knowing the defendant to be innocent of any wrongful act, and it clearly appeared that there had been no violation of the injunction: *Held*, that the plaintiff must pay the costs of the motion.

2. Even if there had been an actual violation of the injunction, induced by the stratagem of the plaintiff, an application for an attachment would not, it seems, be justified, either in conscience or in law.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[This was a bill in equity by Sparkman and Kelsey against Elias S. Higgins and others.]

Motion for an attachment for an alleged violation of an injunction restraining the defendants from infringing the plaintiffs' patent for a design for floor oil-cloth: See Sparkman v. Higgins [Case No. 13,208].

Daniel Lord, for plaintiffs.
Seth P. Staples, for defendants.

BETTS, District Judge. A witness on the part of the plaintiffs deposes that he purchased, a few days since, some of the oil-cloth of the pattern in question at a store in Pearl-street; that on the same day he applied for oil-cloth at the defendants' store in Broad-street, and bought some of the same kind there; and that the clerk who sold the latter told him that the oil-cloth in Pearl-street belonged to the defendants.

On the part of the defendants it is established, by the fullest proof, that they had no interest whatever in the Pearl-street store, or in the oil-cloth sold there, and the evidence is strong to show that the plaintiffs were well aware of that fact. It is further proved by the defendants that a person applied to their porter, at their store to see oil-cloth; that it was shown him; and that he selected out of the general stock the particular piece in question, and desired to have it sent to an address, which he gave, at a place designated, and then left the store. Immediately afterwards, one of the defendants went into the salesroom, and, on being informed by the porter of what had happened, forbade his delivering the cloth and told him it could not be sold. The defendants further prove, that when the injunction was served they gave strict orders to their clerks to stop selling that description of cloth. The person who thus called at their store did not pay for the cloth, and it was not sent to the address. The name he gave was an assumed one, and it appears that he acted for the plaintiffs. The motion for an attachment is made on his affidavit.

The counsel for the plaintiffs very properly admitted that the application could not prevail, and that the evidence fully acquitted the defendants of all blame. But it was urged that probable cause for the motion had been shown, and that costs ought not to be awarded against the plaintiffs.

The proceeding on the part of the plaintiffs was palpably a stratagem to lead the defendants to violate the injunction. This motion is not induced by any acts known to have been done by the defendants, or by any declaration or intimation of theirs that they would disregard the inhibition they were under. Their conduct was in every respect submissive to the mandate of the court. Even if the plaintiffs' agent had, under such circumstances, succeeded in making a valid purchase of the oil-cloth from the defendants' porter, by paying the price or obtaining a delivery of it, such transaction would not, either in conscience or in law, justify an application for an attachment. But there was no sale in fact; and, as the plaintiffs set on foot a scheme to entrap the defendants, and immediately pursued them with a motion for an attachment, knowing them to be innocent of any wrongful act, it is right that the plaintiffs should be charged with the costs of an application so made.

The motion for an attachment is denied, with costs to be taxed.